UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| SUSAN THURSTON, <br><br> Plaintiff, <br><br> v. <br><br> OKEMO LIMITED LIABILITY COMPANY, d/b/a Okemo Mountain Resort, and CLP OKEMO MOUNTAIN, LLC, d/b/a Okemo Mountain Resort, <br><br> Defendants. | Case No. 5:15-cv-00018 |

OPINION AND ORDER RE:
PLAINTIFF'S FIRST MOTION TO COMPEL FORMER EMPLOYEE LIFT
ATTENDANT CONTACT INFORMATION AND STATEMENTS
(Doc. 21)

    Plaintiff Susan Thurston brought this action against Okemo LLC and CLP Okemo Mountain, LLC (both allegedly doing business as "Okemo Mountain Resort"), claiming defendants were negligent in the operation of a chair lift which injured Thurston. Thurston moves to compel production of contact information for former chair lift attendants employed by defendant Okemo LLC ("Okemo"). She further moves for permission to contact and interview the former chair lift attendants outside of a formal deposition setting. For reasons stated below, plaintiff's motion is GRANTED.

I.     **Background**

    Thurston alleges that on or around March 7, 2014, she attempted to board a chair lift at Okemo Mountain Resort. She fell in the chair loading area. After she had fallen, a chair from the moving chair lift "ran over her." (Doc. 1 at 6.) She claims that defendants were negligent both in designing the chair loading area and in maintaining conditions at the chair loading area such that skiers "could easily stop at the loading location." (*Id.*) She also claims defendants were negligent in operating the chair lift "by not employing lift safety instruments or devices that

1

would have more quickly detected [her] fall and more quickly shut down the lift." (*Id.*) Thurston additionally alleges that the chair lift operator employee failed to "timely shut the lift down after it became apparent that [she] had fallen in the path of an oncoming chair." (*Id.*) Thurston's injuries from the chair lift incident included torn ligaments and strained muscles.

Thurston desires to interview two former Okemo employees who operated chair lifts by telephone to avoid the cost associated with formal depositions. Okemo objects to any *ex parte* communication with its former employees and has refused to provide contact information for them. (Doc. 21 at 1-2.) Okemo argues that Rule 4.2 of the Vermont Rules of Professional Conduct ("VRPC") requires Thurston to either obtain its consent to communicate with its former employees *ex parte* or to interview the former employees only in the presence of Okemo's lawyer. Thurston responds that Rule 26 of the Federal Rules of Civil Procedure requires Okemo to provide the former employees' contact information and that VRPC Rule 4.2 does not prevent her from speaking to the former employees *ex parte*.

## II. Rule 4.2 of the Vermont Rules of Professional Conduct

Attorneys practicing before this court must comply with the Vermont Rules of Professional Conduct. *See In re McDermitt*, No. 05-11710, 2006 WL 1582390, at *3 (Bankr. D. Vt. May 30, 2006). Rule 4.2 provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Comment [7] elaborates:

> In the case of a represented organization, this rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability. Consent of the organization's lawyer is not required for communication with a former constituent. If a constituent of the organization is represented in the matter by his or her own counsel, the consent by that counsel to a communication will be sufficient for purposes of this rule. Compare Rule 3.4(f). In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining evidence that violate the legal rights of the organization. See Rule 4.4.

### III.  Analysis

Thurston correctly observes that Rule 26 of the Federal Rules of Civil Procedure requires a party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A).  To the extent any former employees are likely to have discoverable information under Rule 26, Okemo must provide their names and contact information if known.

Okemo asserts that VRPC 4.2 forbids Thurston from speaking to any of the former chair lift operator employees without its consent.  However, Comment [7] to the rule provides that "[c]onsent of the organization's lawyer is not required for communication with a former constituent."  VRPC 4.2 was amended in 2009 "to conform to the [2002] changes in Model Rule 4.2 [of the Model Rules of Professional Conduct]."  VRPC 4.2 Reporter's Notes—2009 Amendment.  The Reporter's Notes state: "A new sentence has been added to clarify that consent of the organization's lawyer is not required for communications with former constituents."  Rule 4.2 of the VRPC therefore expressly exempts former employees from the requirement that a party obtain the consent of the opposing party organization's lawyer before initiating *ex parte* communications.

Okemo nonetheless maintains that Thurston may not interview the former chair lift operator employees without Okemo's consent because Thurston may seek to impute the acts or omissions of the former employees to Okemo as a basis for showing defendants' alleged negligence.  It is true that some courts "have restricted ex parte contact with former employees . . . [where] the person's act or omission may be imputed to the corporation."  James L. Burt & Jeremy J. Cook, *Ethical Considerations Concerning Contacts by Counsel or Investigators with Present and Former Employees of an Opposing Party*, 38 St. Mary's L.J. 963, 978 (2007) (citing *Camden v. State*, 910 F. Supp. 1115, 1116 (D. Md. 1996)).  However, as discussed below, the court finds such cases unpersuasive because they tend to be based on specific factual circumstances or are simply outdated.

Okemo principally relies on *Armsey v. Medshares Mgmgt. Servs., Inc.*, 184 F.R.D. 569, 574 (W.D. Va. 1998) (applying Disciplinary Rule 7-103(A)(1) of the Virginia Code of

3

Professional Responsibility), in which the court prohibited plaintiffs' counsel from speaking to former employees of the defendant corporation without its consent because plaintiffs believed they could "impute liability upon Medshares through the statements, actions or omissions of these former employees." Okemo also cites *Serrano v. Cintas Corp.*, No. CIV.A. 04-40132, 2009 WL 5171802, at *3 (E.D. Mich. Dec. 23, 2009) (applying Rule 4.2 of the Michigan Rules of Professional Conduct), for the proposition that "employees whose conduct during their employment by a corporate party may be imputed to the employer are entitled to Rule 4.2 protection."

The court does not find either authority persuasive enough to disregard the express language of VRPC 4.2 Comment [7]. *See Dubois v. Gradco Sys., Inc.*, 136 F.R.D. 341, 346 (D. Conn. 1991) (declining defendants' invitation to disregard the text of Model Rule 4.2 of the Connecticut Rules of Professional Conduct and Comment to the rule, which "d[id] not appear to preclude counsel for plaintiff in th[at] case from interviewing the former employees of Gradco *ex parte*"). *Armsey* was reasoned and decided prior to the 2002 amendment to Model Rule 4.2, whose explicit exemption of an organization's former constituents from the *ex parte* contact prohibition was adopted by Vermont in 2009.[1] *See also Hanlin-Cooney v. Frederick Cnty., Md.*, No. CIV. WDQ-13-1731, 2014 WL 3421921, at *8 (D. Md. July 9, 2014) (rejecting defendant's argument that plaintiff could not contact *ex parte* defendant's former employee because, "[i]n the time since [cases cited by defendant] have been decided, the MRPC have been amended . . . .").

*Serrano* is likewise unpersuasive. Although the court acknowledged the concern promoted by Okemo here, it proceeded to permit *ex parte* communication with former Cintas Corp. employees subject to a set of "restrictive guidelines," most of which are already contemplated by the VRPC. *Compare Serrano*, 2009 WL 5171802, at *5 ("Plaintiffs' counsel shall instruct the former employee not to disclose information covered by Defendant Cintas' attorney client privilege, or matters subject to confidentiality agreements between the interviewee and the Defendant."), *with* VRPC 4.2 Comment [7] ("In communicating with a current or former constituent of an organization, a lawyer must not use methods of obtaining

---

[1] *Armsey* relied on case law which in turn quoted Model Rule 4.2 comments dating from 1983 and an ABA committee opinion dating from 1991. *Armsey*, 184 F.R.D. at 572-73 (citing *Tucker v. Norfolk & W. Ry. Co.*, 157 F.R.D. 21, 22 (E.D. Va. 1994)).

evidence that violate the legal rights of the organization."). The Eastern District of Michigan subsequently rejected a defendant's reliance on *Serrano*'s "minority" holding, noting that "*Serrano* was expressly limited to its facts." *Clemons v. City of Detroit*, No. 09-13480, 2010 WL 2089361, at *2 (E.D. Mich. May 24, 2010) (holding that *ex parte* interview with defendant organization's former employee did not violate Rule 4.2).

Permitting *ex parte* communications with former employees "allow[s] opposing counsel the opportunity to unearth relevant facts through informal discovery devices, . . . that have the potential to streamline discovery and foster the prompt resolution of claims." *Muriel Siebert & Co., Inc. v. Intuit Inc.*, 868 N.E.2d 208, 210 (N.Y. 2007) (discussing New York Disciplinary Rule 7-104(a)(1)). "[S]o long as measures are taken to steer clear of privileged or confidential information," the appropriate balance between streamlined discovery and "protecting represented parties from making imprudent disclosures" is struck. *Id.* While extreme circumstances could warrant disallowing *ex parte* communications with former employees, *see Weber v. Fujifilm Med. Sys., U.S.A.*, No. 3:10 CV 401 (JBA), 2010 WL 2836720, at *4 (D. Conn. July 19, 2010) (considering whether defendants' former employees had "had extensive exposure to privileged communications and sustained access to [defendants'] litigation strategy and the attorney's work product" before allowing them to be interviewed *ex parte*), Okemo has not argued that such circumstances exist here. In other words, Okemo does not claim that its attorneys received privileged communications or gave legal advice to any former lift attendant.

Consistent with the language, comments, and notes of VRPC 4.2, Thurston may contact *ex parte* former constituents of Okemo if they are not represented by Okemo's counsel. *See also LeClair v. Napoli Grp., LLC*, No. 2:10-CV-28, 2011 WL 2517228, at *2-3 (D. Vt. June 23, 2011) (concluding that plaintiff could not communicate *ex parte* with defendants' former employees only "to the extent that the firm representing Defendants has established attorney-client relationships with . . . former employees"). Thurston must adhere to the VRPC, including Rules 4.2 and 4.4, to protect the interests of defendants and the third parties she seeks to interview.

5

## IV.    Conclusion

For the reasons stated above, plaintiff's motion to compel production of former chair lift operator employees' contact information and for permission to contact former employees of Okemo *ex parte* is GRANTED, subject to compliance with the Vermont Rules of Professional Conduct. Disclosure of the names and contact information of former employees shall be provided by the close of business August 19, 2015.

Dated at Rutland, in the District of Vermont, this 18th day of August, 2015.

_____
Geoffrey W. Crawford, Judge
United States District Court